# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                  Case No. 06-CR-197

**LEONARD A. BOCZKOWSKI, et. al.,**

        **Defendant.**

## ORDER

On August 15, 2006, the grand jury returned a seven count indictment alleging in counted one through three that both defendants, Leonard Boczkowski ("Boczkowski") and Lea Petersen ("Petersen") on three separate dates distributed five or more grams of crack cocaine in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B). Count four charges defendant Boczkowski alone with distributing five or more grams of crack cocaine on another date. Counts five and seven allege that defendant Boczkowski possessed a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Count six alleges that defendant Boczkowski distributed five or more grams of marijuana in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B). Also included in the indictment was a notice of forfeiture.

On September 1, 2006, the court granted defendant Petersen's motion for an extension of time to file pretrial motions and ordered that motions for both defendants be filed no later than September 18, 2006. On September 18, 2006, both defendants filed motions requesting that the

court extend the time for motions to be filed until September 25, 2006. The defendants filed their motion on that date, and the court subsequently granted their respective extension requests.

In his motion to suppress and supporting affidavit and memorandum, Boczkowski challenges the existence of probable cause for the issuance of the search warrant for the residence at 5715 W. Burnham. In addition, the defendant argues that the "good faith" exception does not apply. Boczkowski requests an evidentiary hearing regarding the issue of whether the good faith exception is applicable if the warrant is found to be defective. However, Boczkowski's request fails to comply with this court's pretrial order and Criminal Local Rules 12.2 and 12.3. Therefore, Boczkowski's requests shall be denied. If, however, this court determines that an evidentiary hearing is necessary regarding the issue of the officers' good faith, then the court may schedule a hearing. Good faith, however, only becomes an issue if the court determines that probable cause does not exist to support the issuance of the warrant.

Additionally, Boczkowski asserts that the police officer affiant misinformed the issuing judge by stating that the trained drug detection dog's alerting on an area of Boczkowski's vehicle indicated that controlled substances were "either present at the time or in the recent past within said vehicle." Boczkowski takes issue with the statement that the dog's alert could have indicated that controlled substances were present because the officers had previously searched the vehicle and found no controlled substances.

Perhaps, by this statement Boczkowski intends to challenge the veracity of the affidavit in support of the search warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978). However, to be entitled to an evidentiary hearing regarding a Franks challenge, the defendant must make a "substantial preliminary showing that a false statement [was made] knowingly and intentionally, or with reckless disregard for the truth." Id. at 156. Boczkowski has failed to make the requisite preliminary showing. Therefore, Boczkowski is not entitled to an evidentiary hearing on this basis.

2
Case 2:06-cr-00197-RTR   Filed 10/04/06   Page 2 of 3   Document 31

Petersen makes no request for an evidentiary hearing but in an affidavit accompanying his motion to dismiss the indictment, Nikola Kostich, attorney for defendant Petersen, states that he would also request an evidentiary hearing if the co-defendant requested it. Given the context of Attorney Kostich's request, the court assumes that he does not intend to request an evidentiary hearing regarding defendant Petersen's motion to suppress. In any event, an evidentiary hearing shall not be granted because the defendants have failed to comply with the local rules and this court's pretrial order.

**IT IS THEREFORE ORDERED** that the motion for an evidentiary hearing is **denied**.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge
